<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOIE POLIMEDA,<br><br>      Plaintiff,<br><br>      v.<br><br>OUTDOORSY, INC., FORWARD FINANCING, LLC, and TRITON RECOVERY GROUP,<br><br>      Defendants. | Case No. 2:24-cv-06727 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

   Before the Court are two motions. Defendant Forward Financing, LLC ("Forward") filed a Motion to Dismiss ("Forward's Motion to Dismiss") (ECF No. 18) *pro se* Plaintiff Joie Polimeda's ("Polimeda") Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. 12(b)(1), (4), and (6) for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted, as well as for an award of attorneys' fees. Polimeda submitted a brief in opposition to Forward's Motion to Dismiss on October 2, 2024 (ECF No. 22), and Forward filed its reply brief on October 15, 2024 (ECF No. 25). Defendant Outdoorsy, Inc. ("Outdoorsy") filed its Motion to Dismiss ("Outdoorsy's Motion to Dismiss") the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 27.) As of the date of this opinion, Polimeda has not filed an opposition to Outdoorsy's Motion to Dismiss. Having reviewed the submissions filed in connection with the Motions and having declined to hold oral arguments pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants Forward's and Outdoorsy's

1

Motions to Dismiss (ECF Nos. 18, 27) are **GRANTED** for lack of subject matter jurisdiction, and the Complaint is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

**I.　BACKGROUND**

For purposes of this Motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Polimeda. *See Philips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added).

Given Polimeda is proceeding *pro se*, the Court attempts to glean factual allegations and legal claims through liberal construction of the Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[W]e hold [the *pro se* complaint] to less stringent standards than formal pleadings drafted by lawyers"); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) ("[P]*ro se* pleadings must be liberally construed"); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) (same); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making."). The Court also refers to Defendants' moving papers to fill in several facts missing from the Complaint. Nevertheless, the Court relies on the factual allegations in the Complaint and draws all inferences in Polimeda's favor.

**A.　Factual Background**

Plaintiff Polimeda is a citizen and domiciliary of New Jersey and the sole Managing Member of Strategic Source, LLC ("Strategic").[1] (ECF No. 1 ¶ 6.) Defendant Outdoorsy is an

---

[1] Strategic was voluntarily dismissed from this action on September 17, 2024. (ECF No. 17.)

online marketplace platform that connects owners of recreational vehicles with persons seeking to rent them. (ECF No. 27 at 1.) Outdoorsy is incorporated and has its principal place of business in San Francisco, California. (ECF No. 1 ¶ 7.) Defendant Triton Recovery Group ("Triton") is incorporated and has its principal place of business in Aventura, Florida. (*Id.* ¶ 9.) According to the Complaint, Defendant Forward is a limited liability company incorporated and with a principal place of business in Beverly Hills, California. (*Id.* ¶ 8.) However, as explained in a letter filed on July 20, 2024 (ECF No. 9 at 1) and confirmed in Forward's Motion to Dismiss (ECF No. 18 at 7), Forward was organized in Delaware on November 27, 2012, under the name "2Dollar Capital LLC," and has been registered to do business in Massachusetts since May 2013. Forward alleges 2Dollar Capital LLC changed its name to Forward Financing LLC in the summer of 2015. (*Id.*)

Strategic entered into a Future Receipts Sale Agreement (the "Agreement") with Forward on April 10, 2023, under which Strategic sold $47,600.00 of its future receivables to Forward for the discounted purchase price of $35,000.00 to be remitted from 15% of Strategic's future receivables every week. (ECF No. 1, Ex. B, at 1.) The parties agreed Strategic would remit $1,322.20 on a weekly basis in lieu of calculating receivables each month. (*Id.*) In the event Strategic's average receivables amount materially changed, the parties agreed to subject the payments to reconciliation. (*Id.* at 3.) Polimeda signed the Agreement in her personal capacity as Principal. (*Id.*) The Agreement also contained an arbitration provision governed by the Federal Arbitration Act and Massachusetts law. (*Id.* at 6.)

On January 19, 2023, the New Jersey Attorney General sent a Consent Order to Polimeda informing her of a New Jersey State settlement agreement with Yellowstone Capital LLC and its associated companies ("Yellowstone") regarding allegations of unconscionable, misleading and abusive lending, servicing, and collection tactics in connection with Yellowstone's Merchant Cash

3

Advance business. (ECF No. 1 ¶ 2; Ex. A, at 1.) Polimeda alleges Yellowstone is the predecessor-in-interest to Defendants Outdoorsy, Forward, and Triton, who are therefore subject to the Consent Order. (*Id.* ¶ 3.) Polimeda alleges she negotiated in good faith to resolve disputes regarding payment under the Agreement with Defendants while continuing to make payments. (*Id.* ¶ 4.) Because Defendants have "trampl[ed on] the Consent Order" (*id.* ¶ 5), Polimeda brought this action alleging common law negligence, breach of contract, and violations of the New Jersey Consumer Fraud Act, seeking damages, a preliminary and permanent injunction against the UCC lien on Polimeda's assets, rescission of the UCC filing, reasonable attorney's fees, and other relief the Court may deem necessary (*id.* ¶ 42).

### B. Procedural History

Polimeda filed the Complaint initiating this action on June 5, 2024, individually and on behalf of Strategic as co-plaintiff. (*Id.*) On June 14, 2024, the Court issued a Letter Order requiring Strategic to retain counsel and directing Polimeda to file a separate letter setting forth Forward's citizenship. (ECF No. 5.) Polimeda filed a letter with factual allegations regarding Forward's citizenship and informed the Court she would proceed *pro se* and without Strategic. (ECF No. 9 at 1–3.) The Court signed an order of voluntary dismissal of Strategic as co-plaintiff on September 17, 2024. (ECF No. 17.) Forward filed its Motion to Dismiss on September 18, 2024. (ECF No. 18.) Polimeda opposed on October 2, 2024 (ECF No. 22), and Forward replied on October 15, 2024 (ECF No. 25). Outdoorsy filed its Motion to Dismiss on October 23, 2024. (ECF No. 27.) Polimeda did not oppose Outdoorsy's Motion to Dismiss.

## II. LEGAL STANDARD

### A. Rule 8(a)

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "must contain: (1) a short and plain statement of the ground for the court's jurisdiction . . . [;] (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). The purpose of a complaint is to put the adverse party on notice of the claims against them and inform the court of the nature of the claims, any defenses being asserted, and the relief requested. *See United States ex rel. FLFMC, LLC v. TFH Publ'ns, Inc.*, 855 F. Supp. 2d 300, 304 (D.N.J. 2012). The Supreme Court has explained that "a short and plain statement of the claim[,]" Fed. R. Civ. P. 8(a)(2), entails pleading sufficient factual matter that would "raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, "a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.*

The Court reads the Motions as arguing the plaintiff in this case fails to sufficiently plead the first two elements of Rule 8(a); namely, Polimeda does not show jurisdictional grounds to justify review and fails to include sufficient statements of the claims plausibly showing she is entitled to relief. (*See* ECF Nos. 18 at 17; 27 at 11.) The standards for dismissal on these two grounds are provided in turn.

### B. Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ.

5

A. No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 5B FEDERAL PRACTICE AND PROCEDURE § 1350 (3d ed. 2004)). It requires a plaintiff to bear the burden of pleading that jurisdiction is appropriate. *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction" to defeat a 12(b)(1) motion.). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

      The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction. If . . . facial [], the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States of America, ex rel., and FLFMC, LLC v. TFH Publ'ns, Inc.*, 855 F. Supp. 2d 300, 304 (D.N.J. 2012) (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011)). A factual attack, on the other hand, "concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *Id.* (quoting *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). Moreover, the standard of review for a facial Rule 12(b)(1) attack is the same as one under 12(b)(6). *Id.*

6

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 (3d Cir. 1977) (holding dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

Here, Forward and Outdoorsy assert both a facial 12(b)(1) challenge focused on deficiencies in the pleadings as well as a factual challenge based on a lack of standing. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891–92.

### C. Rule 12(b)(4) and (5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 12(b)(4) allows a party to file a motion to dismiss based on insufficient process, whereas Rule 12(b)(5) is premised on insufficient service of process. *Moses v. Amazon.com.dedc LLC*, Civ. A. No. 16-8675, 2019 WL 7293590, at *2 (D.N.J. Dec. 30, 2019); *see also Disantis v. Allied Constr. LLC*, Civ. A. No. 17-11379, 2018 WL 3647210,

at *3 (D.N.J. July 13, 2018). "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Disantis*, 2018 WL 3647210, at *3 (quoting *Laffey v. Plousis*, Civ. A. No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010)). Any dismissals under these rules must be without prejudice. *White v. Vydia, Inc., Music Distribs. Cos.*, Civ. A. No. 22-02716, 2023 WL 3675957, at *2 (D.N.J. May 26, 2023).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Moses*, 2019 WL 7293590, at *2. Rule 4(b) states that "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." *See Serfess v. Equifax Credit Info. Servs., LLC*, Civ. A. No. 13-0406, 2015 WL 501972, at *2 (D.N.J. Feb. 5, 2015). Moreover "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). A court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process. *Id.*; *Salaam v. Merlin*, Civ. A. No. 08-1248, 2009 WL 2230925, at *3 (D.N.J. July 22, 2009) (holding "that service of process was insufficient for jurisdiction over the party to attach"); *Sunoco v. Mid-Atl. Region Retailer Compliance Ctr.*, Civ. A. No. 10-4941, 2012 WL 2870871, at *2 (D.N.J. July 12, 2012) ("Properly serving a summons that does not comply with Rule 4 for lack of signature or seal fails to confer personal jurisdiction, and a properly issued summons containing signature and seal fails to confer personal jurisdiction if service is not in compliance with the Rules."). "A *pro se* plaintiff's ignorance of the requirements of [R]ule 4(m) do[es] not constitute good cause for failure to comply." *Moses*, 2019 WL 7293590, at

8

\*2 (quoting *Sykes v. Blockbuster Inc./Viacom*, Civ. A. No. 04-6260, 2006 WL 286785, at \*1 (D.N.J. Feb. 3, 2006), *aff'd sub nom.*, *Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006)).

### D. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228 ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just

9

conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Iqbal*, 556 U.S. at 677. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While the Court generally may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III. DECISION

Defendants Forward and Outdoorsy present several grounds for dismissal in the Motions, including lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim under Rule 12(b)(6). (ECF Nos. 18 at 10–12; 27 at 9, 11.) As the matter could not proceed without subject matter jurisdiction, the Court begins with this critical issue.

In its Motion to Dismiss, Forward makes both a facial and factual challenge to jurisdiction based upon its assertion Polimeda "has neither pled nor could ever meet the $75,000.00 amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332." (ECF No. 18 at 17.) Specifically, Forward argues Polimeda's factual damages, which are based on the Agreement between them, "cannot possibly exceed $75,000.00" because: (1) the future receivables sold amounted to only $47,600; (2) the total default balance with assessed collection fees, as of April 26, 2024, was $50,080.02; (3) the total default balance as of May 10, 2024, after UCC notices of assignment to account debtors, was $47,676.18; and (4) the total receivables amount held by Outdoorsy, as of May 29, 2024, was $2,496.90. (*Id.* at 18.) "[I]n the worst case scenario," asserts Forward, the highest amount that could be in dispute in this matter is $50,080.02, which falls far below the threshold jurisdictional requirement and necessitates dismissal on that basis. (*Id.* at 18–19.) In her opposition to Forward's Motion to Dismiss, Polimeda objects to the stylistic presentation of Forward's Motion to Dismiss and repeats the conclusory allegation that the amount in controversy "far exceeds this Court's minimum jurisdictional limit." (ECF No. 22 at 2–3.) In reply, Forward insists it properly mounted a jurisdictional challenge in its Motion to Dismiss rooted in Polimeda's "fail[ure] to make a good faith allegation that she meets the amount in controversy

requirement." (ECF No. 25 at 6–7.) Outdoorsy's Motion to Dismiss relies on Forward's rationale in Forward's Motion to Dismiss as the basis for its arguments and notes the amount in controversy with respect to Outdoorsy is less than $3,000 such that, "[n]either amount separately or collectively exceeds $75,000.00." (ECF No. 27 at 11.)

"In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 119–20 (3d Cir. 2019) (citing 28 U.S.C. §§ 1331, 1332). Federal district courts have subject matter jurisdiction based on diversity jurisdiction:

> where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a)(1)–(4). In such cases, "diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Trinh*, 779 F. App'x at 120 (quoting *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995)); *see also Stratis v. BMW of N. Am., LLC*, No. 2:22-cv-06929, 2023 WL 3092188, at *5 (D.N.J. Apr. 26, 2023). The party asserting jurisdiction bears the burden of explicitly pleading factual allegations that invoke the court's jurisdiction. *Trinh*, 779 F. App'x at 120; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). Moreover, the party's allegations asserting diversity jurisdiction must be made in good faith. *See DePhillips v. Equifax, Inc.*, Civ. No. 22-03247, 2023 WL 238824, at *2 (D.N.J. Jan. 18, 2023) (collecting cases). There can be no good faith in cases where there is "a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288–89 (1938); *see Jaconski v. Avisun Corp.*, 359

F.2d 931, 934–35 (3d Cir. 1966) ("The test then is not what amount the plaintiff claims . . . but rather, whether it appears to a 'legal certainty' that he cannot recover an amount above the jurisdictional minimum." (quoting *Red Cab*, 303 U.S. at 288–89)).

Here, even construing the Complaint in the light most favorable to Polimeda, the Court is left with the undeniable conclusion that the requirements for diversity jurisdiction cannot be met. Polimeda must show both complete diversity between herself and all defendants *and* an amount-in-controversy exceeding $75,000, less interest and costs. *See* 28 U.S.C. § 1332(a)(1)–(4). Although she has alleged diverse citizenship between the parties, and duly responded to the Court's Letter Order requiring citizenship information (ECF No. 5) with a letter containing additional factual allegations about Forward (ECF No. 9), the Court finds Polimeda has still not sufficiently alleged Forward's citizenship. Polimeda fails to include factual allegations regarding the citizenship of all of Forward's members. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding "the citizenship of an LLC is determined by the citizenship of its members"). Polimeda fares no better on the second half of the jurisdictional requirement, offering only the following wholly conclusory allegation concerning the critical amount-in-controversy requirement: "the amount in controversy is more than $75,000.00" (ECF No. 1 ¶ 13). Without specific facts bearing out this allegation—particularly in light of the exhibits attached to the Complaint illustrating it to be mathematically impossible (*see* ECF No. 1, Ex. B, at 1)—the Court finds no basis to exercise subject matter jurisdiction.[2] Because there is no subject matter

---

[2] Even though Polimeda is a *pro se* plaintiff entitled to some leniency, *see Haines*, 404 U.S. at 520, she must nonetheless demonstrate the jurisdictional requirements are met. *See, e.g.*, *Cappuccio v. Unity Bank*, No. 2:24-cv-05695, 2024 WL 4708159, at *5 (D.N.J. Nov. 6, 2024) (finding a dearth of factual allegations substantiating claims of subject matter jurisdiction by *pro se* plaintiff).

jurisdiction over this matter, the Court need not reach the parties' remaining arguments concerning standing, service of process, and Rule 12(b)(6).

Accordingly, Forward's and Outdoorsy's Motions to Dismiss are **GRANTED** for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, and for good cause having been shown, Defendants Forward's and Outdoorsy's Motions to Dismiss (ECF Nos. 18, 27) are **GRANTED** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)**,** and the Complaint is **DISMISSED WITHOUT PREJUDICE** and with leave to amend. An appropriate order follows.

Date: March 24, 2025

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**