**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOIE POLIMEDA, <br><br> Plaintiff, <br><br> v. <br><br> OUTDOORSY, FORWARD FINANCING, LLC, TRITON RECOVERY GROUP, AND STRIPE, INC. <br><br> Defendants. | Case No. 2:24-cv-06727 (BRM) (SDA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are two motions. First, on May 2, 2025, Defendant Forward Financing, LLC ("Forward") filed a Motion to Dismiss ("Forward's Motion to Dismiss") (ECF No. 36) *pro se* Plaintiff Joie Polimeda's ("Polimeda") Amended Complaint (ECF No. 32) pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (6), and 41(b) for lack of subject matter jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, failure to comply with a court order, as well as for an award of attorneys' fees. Polimeda filed an Opposition to Forward's Motion to Dismiss (ECF No. 41) on May 6, 2025, and Forward filed a Reply Brief (ECF No. 43) on May 19, 2024. Second, on May 9, 2025, Defendant Outdoorsy, Inc. ("Outdoorsy") filed a Motion to Dismiss ("Outdoorsy's Motion to Dismiss") the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter

jurisdiction and failure to state a claim. (ECF No. 39; ECF No. 40.)[1] Polimeda filed an Opposition to Outdoorsy's Motion to Dismiss (ECF No. 44) on May 19, 2025, and Outdoorsy filed a Reply Brief (ECF No. 47) on June 3, 2025.

Having reviewed and considered the submissions filed in connection with the Motions and having declined to hold oral arguments pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants Forward and Outdoorsy's Motions to Dismiss (ECF Nos. 36, 40) are **GRANTED** for lack of subject matter jurisdiction, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**I.   BACKGROUND**

For purposes of these Motions, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Polimeda. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added).

Given Polimeda is proceeding *pro se*, the Court attempts to glean factual allegations and legal claims through liberal construction of the Amended Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[W]e hold [the *pro se* complaint] to less stringent standards than formal pleadings drafted by lawyers."); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) ("[P]*ro se* pleadings must be liberally construed."); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) (same); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing

---

[1] Outdoorsy filed a Notice of Motion to Dismiss (ECF No. 39) and a Brief in Support of its Motion (ECF No. 40). Going forward, when referring to Outdoorsy's Motion to Dismiss, the Court will cite and refer only to Outdoorsy's Brief in Support of its Motion.

*pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making."). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). The Court also relies on Defendants' moving papers to fill in critical facts missing from the Complaint.

### A. Factual Background

Plaintiff Polimeda is a citizen and domiciliary of New Jersey and the sole Managing Member of Strategic Source, LLC ("Strategic").[2] (ECF No. 32 ¶ 20.) Defendant Outdoorsy is an online marketplace platform that connects owners of recreational vehicles with persons seeking to rent them. (ECF No. 40 at 5.) Outdoorsy is incorporated and has its principal place of business in Austin, Texas.[3] (ECF No. 32 ¶ 21.) Defendant Triton Recovery Group ("Triton") is incorporated and has its principal place of business in Aventura, Florida. (*Id.* ¶ 23.) According to the Amended Complaint, Defendant Forward is a limited liability company incorporated and with a principal place of business in Beverly Hills, California. (*Id.* ¶ 2, 22.) However, as explained in a letter Polimeda filed on July 20, 2024 (ECF No. 9 at 1) and confirmed again in Forward's Motion to Dismiss (ECF No. 36-11 at 7–8), Forward was organized in Delaware on November 27, 2012, under the name "2Dollar Capital LLC." Forward alleges 2Dollar Capital LLC changed its name to Forward Financing LLC in the summer of 2015. (*Id.*)

Strategic entered into an Agreement with Forward on April 10, 2023 (the "Agreement"), under which Strategic sold $47,600.00 of its future receivables to Forward for the discounted

---

[2] Strategic was voluntarily dismissed from this action on September 17, 2024. (ECF No. 17.)

[3] In its Original Complaint, Polimeda alleged Outdoorsy was "incorporated with its principal place of business located in San Francisco, California." (ECF No. 1 ¶ 7.)

purchase price of $35,000.00 to be remitted from 15% of Strategic's future receivables every week. (ECF No. 32 ¶ 2.) The parties agreed Strategic would remit $1,322.20 on a weekly basis in lieu of calculating receivables each month. (*Id.* ¶ 3.) In the event Strategic's average receivables amount materially changed, the parties agreed to subject the payments to reconciliation. (*Id.*) Polimeda agreed to personally guaranty Strategic's performance of obligations under the Agreement, but she did not guaranty payment in the event Strategic became exempt from remitting all or part of the weekly amount. (*Id.*, Ex. B at 1.) The Agreement also contained an arbitration provision governed by the Federal Arbitration Act and Massachusetts law. (*Id.*)

Polimeda alleges she negotiated in good faith to resolve disputes regarding payment under the Agreement with Defendants while continuing to make payments. (*Id.* ¶ 8.) Because "Defendants Forward and Triton have violated the Consent Order" (*Id.* ¶ 10), Polimeda brought this action alleging negligence, breach of contract, and violations of the New Jersey Consumer Fraud Act, seeking damages, a preliminary and permanent injunction against the UCC lien on Polimeda's assets, rescission of the UCC filing, reasonable attorney's fees, and other relief the Court may deem necessary.[4] (*Id.*)

---

[4] On January 19, 2023, the New Jersey Attorney General sent a Consent Order to Polimeda informing her of a New Jersey State settlement agreement with Yellowstone Capital LLC and its associated companies ("Yellowstone") regarding allegations of unconscionable, misleading and abusive lending, servicing, and collection tactics in connection with Yellowstone's Merchant Cash Advance business. (ECF No. 32 ¶ 5.) Polimeda alleges Yellowstone is the predecessor-in-interest to Defendant Forward who is therefore subject to the Consent Order. (*Id.* ¶ 7.) According to Polimeda, the Consent Order discusses "a settlement with Yellowstone that includes relief for Certain New Jersey consumers, including forgiveness of unpaid balances" and that Polimeda has "been identified as a consumer eligible for relief[.]" (*Id.* ¶ 6.) However, Polimeda's own exhibits make clear the Consent Order wholly predates the Agreement. (*Id.* at 13–22; *Id.* at 42.)

### B. Procedural History

Polimeda filed the Complaint initiating this action on June 5, 2024, individually and on behalf of Strategic as co-plaintiff. (ECF No. 1.) On June 14, 2024, the Court issued a Letter Order requiring Strategic to retain counsel and directing Polimeda to file a separate letter setting forth Forward's citizenship. (ECF No. 5.) Polimeda filed a letter with factual allegations regarding Forward's citizenship and informed the Court she would proceed *pro se* and without Strategic. (ECF No. 9 at 1–3.) Accordingly, the Court ordered Polimeda to file a notice voluntarily dismissing Strategic as a plaintiff in this action. (ECF No. 10.) On July 31, 2024, Polimeda filed a notice electing to voluntarily dismiss Strategic. (ECF No. 14.) The Court signed an order of voluntary dismissal of Strategic as co-plaintiff on September 17, 2024. (ECF No. 17.) Forward filed a Motion to Dismiss on September 18, 2024. (ECF No. 18.) Polimeda opposed on October 2, 2024 (ECF No. 22), and Forward replied on October 15, 2024 (ECF No. 25). Outdoorsy filed its Motion to Dismiss on October 23, 2024. (ECF No. 27.) Polimeda did not oppose Outdoorsy's Motion to Dismiss.

On March 24, 2025, the Court issued an Opinion and Order (ECF No. 30; ECF No. 31), granting Forward and Outdoorsy's Motions to Dismiss, and allowing Polimeda the opportunity to cure the deficiencies identified in the accompanying Opinion. (*Id.*) The Court also ordered that Polimeda's failure to submit an amended complaint within thirty days of the Order would automatically convert the dismissal of the Complaint to a dismissal with prejudice without further action from the Court. (*Id.*)

Polimeda filed its Amended Complaint on April 23, 2025. (ECF No. 32.) On May 2, 2025, Forward filed its Motion to Dismiss Polimeda's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (6), and 41(b) for lack of subject matter jurisdiction, insufficient

service of process, failure to state a claim upon which relief can be granted, and failure to prosecute, as well as for an award of attorneys' fees. (ECF No. 36.) Polimeda filed an Opposition to Forward's Motion to Dismiss (ECF No. 41) on May 6, 2025, and Forward filed a Reply Brief (ECF No. 43) on May 19, 2025. Outdoorsy filed its Motion to Dismiss pursuant to Federal Rules of Civi Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim (ECF Nos. 39–40) on May 9, 2025. Polimeda filed an Opposition to Outdoorsy's Motion to Dismiss (ECF No. 44) on May 19, 2025, and Outdoorsy filed a Reply Brief (ECF No. 47) on June 3, 2025.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *1(D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing Charles Alan Wright & Arthur R. Miller, *5B Federal Practice and Procedure* § 1350 (3d ed. 2004)). It requires a plaintiff to bear the burden of pleading that jurisdiction is appropriate. *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction . . . to defeat a motion under 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual

6

allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction." *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

"A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). The standard of review for a facial attack is the same as one "under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id.* (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

A factual attack, however, "concerns not an alleged pleading deficiency, but rather the actual failure of [a plaintiff's] claims to comport with . . . jurisdictional prerequisites." *United States ex rel. FLFMC, LLC*, 855 F. Supp. 2d at 304 (quoting *United States ex rel. Atkinson*, 473 F.3d at 514). Unlike a facial attack, no presumption of truthfulness attaches to a plaintiff's allegations. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is

7

probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 (3d Cir. 1977) (holding dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

### B. Rule 12(b)(5) and Rule 4

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss based on insufficient service of process. *Moses v. Amazon.com.dedc LLC*, Civ. A. No. 16-8675, 2019 WL 7293590, at *2 (D.N.J. Dec. 30, 2019). "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Disantis*, 2018 WL 3647210, at *3 (quoting *Laffey v. Plousis*, Civ. A. No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010)). Any dismissals under this Rule must be without prejudice. *White v. Vydia, Inc., Music Distribs. Cos.*, Civ. A. No. 22-02716, 2023 WL 3675957, at *2 (D.N.J. May 26, 2023).

Under Federal Rule of Civil Procedure 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that

8

defendant or order that service be made within a specified time." *Moses*, 2019 WL 7293590, at *2 (quoting Fed. R. Civ. P. 4(m)). A "'summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.'" *See Serfess v. Equifax Credit Info. Servs., LLC*, Civ. A. No. 13-0406, 2015 WL 501972, at *2 (D.N.J. Feb. 5, 2015) (quoting Fed. R. Civ. P. 4(b)). Additionally, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

As noted above, a court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process. *Salaam v. Merlin*, Civ. A. No. 08-1248, 2009 WL 2230925, at *3 (D.N.J. July 22, 2009) (holding "service of process was insufficient for jurisdiction over the party to attach"); *Sunoco v. Mid-Atl. Region Retailer Compliance Ctr.*, Civ. A. No. 10-4941, 2012 WL 2870871, at *2 (D.N.J. July 12, 2012) ("Properly serving a summons that does not comply with Rule 4 for lack of signature or seal fails to confer personal jurisdiction, and a properly issued summons containing signature and seal fails to confer personal jurisdiction if service is not in compliance with the Rules."); *Omni Cap. Int'l Ltd.*, 484 U.S. at 104. "A *pro se* plaintiff's ignorance of the requirements of [R]ule 4[] do[es] not constitute good cause for failure to comply." *Sykes v. Blockbuster Inc./Viacom*, Civ. A. No. 04-6260, 2006 WL 286785, at *1 (D.N.J. Feb. 3, 2006), *aff'd sub nom.*, *Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006) (citing *Carlton v. Bullet*, Civ. A. No. 85-3546, 1989 WL 125365, at *2 (D.N.J. Oct. 16, 1989)).

### C.  Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations . . . ." *Id.* at 231 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's . . . obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common

10

sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Iqbal*, 556 U.S. at 677. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While the Court generally may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### D. Rule 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to . . . comply with . . . a court order." Fed. R. Civ. P. 41(b).

> Before doing so, . . . courts are required to consider all six of the *Poulis* factors: "(1) the extent of the party's personal responsibility;

11

> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

*Semulka v. Doe*, 373 F. App'x 138, 140 (3d Cir. 2010) (quoting *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). However, the Third Circuit has cautioned "[d]ismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869.

### III. DECISION

Forward and Outdoorsy present multiple grounds for dismissal in their Motions, including lack of subject matter jurisdiction, insufficient service of process, failure to state a claim, and failure to comply with a court order. (ECF No. 36-11 at 9–25; ECF No. 40 at 7–10.) Because this case cannot proceed without subject matter jurisdiction, the Court begins with this threshold issue. *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 256 (3d Cir. 2022) (noting federal courts "typically begin our analysis in each case by ensuring that we have subject-matter jurisdiction over the claims"); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998), *abrogated on other grounds by Riley v. Bondi*, 145 S. Ct. 2190 (2025) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (citation modified)).

Here, Forward and Outdoorsy both assert facial 12(b)(1) challenges.[5] Forward asserts Polimeda has failed "to plead the citizenship of the members of Forward" and that Polimeda's "conclusory amount-in-controversy allegations" fail to plead an amount in controversy sufficient for diversity jurisdiction. (ECF No. 36-11 at 15.) (*Id.*) Outdoorsy, like Forward, argues Polimeda

---

[5] Forward and Outdoorsy also raise factual 12(b)(1) challenges, but for the reasons set forth below, the court does not reach them.

12

"did not plead damages exceeding $75,000 as the amount in controversy." (ECF No. 40 at 11.) In opposition, Polimeda objects to the stylistic presentation of Forward's Motion to Dismiss and details the standard for a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 41 at 3–5.) Polimeda makes the same arguments as to Outdoorsy. (ECF No. 44 at 2–4.) In their replies, Forward repeats the arguments raised in its Motion to Dismiss (ECF No. 43 at 4), and Outdoorsy contends Polimeda bears the burden of establishing the existence of the Court's jurisdiction but failed to make any viable arguments to that end. (ECF No. 47 at 4–5.)

"Federal courts are courts of limited jurisdiction, and without subject-matter jurisdiction, they lack authority to address the merits of a case." *Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 130 (3d Cir. 2021) "In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 119–20 (3d Cir. 2019) (citing 28 U.S.C. §§ 1331, 1332).

An action is based on federal question jurisdiction where the cause(s) of action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have subject matter jurisdiction based on diversity jurisdiction:

> where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a)(1)–(4). For purposes of diversity jurisdiction, "diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Trinh*, 779 F. App'x at 120 (quoting *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995)); *see also Stratis*

*v. BMW of N. Am., LLC*, No. 2:22-cv-06929, 2023 WL 3092188, at *5 (D.N.J. Apr. 26, 2023). Under either theory of jurisdiction, the party asserting jurisdiction bears the burden of explicitly pleading factual allegations that invoke the court's jurisdiction. *Trinh*, 779 F. App'x at 120; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998).

Here, even construing the Amended Complaint in the light most favorable to Polimeda, the Court's "undeniable conclusion that the requirements for diversity jurisdiction cannot be met" remains. *Polimeda*, 2025 WL 892978, at *6–7 (granting Polimeda leave to amend the Complaint's deficiencies). Polimeda must show both complete diversity *and* an amount-in-controversy exceeding $75,000, less interest and costs. *See* 28 U.S.C. § 1332(a)(1)–(4). She does neither.

The Court again finds Polimeda has not sufficiently alleged Forward's citizenship. *Polimeda*, 2025 WL 892978, at *6. Rather than cure the diversity jurisdiction pleading deficiencies from her original Complaint as identified in the Court's prior opinion, Polimeda merely repeats the following:

> Defendant Forward Financing, LLC is, and at all times herein mentioned, conducting ongoing business in the State of New Jersey, and is incorporated with its principal place of business located in Beverly Hills, California.

(ECF No. 32 ¶ 22; *compare* ECF No. 1 ¶ 8.) But just as that was not enough to survive Forward's initial motion to dismiss, it is also not enough to survive this Motion. *Polimeda*, 2025 WL 892978, at *6–7 (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding "the citizenship of an LLC is determined by the citizenship of its members")).[6]

---

[6] Polimeda proffered additional factual allegations about Forward in her response to the Court's Letter Order requiring citizenship information. (ECF No. 9.) However, the Court already determined that neither the original Complaint nor the response to the Court's Letter Order contained sufficient factual allegations regarding the citizenship of all of Forward's members. *Polimeda*, 2025 WL 892978, at *6. Polimeda asserts Forward is a "single member managed LLC"

14

Polimeda also fails to allege the amount in controversy exceeds $75,000. Polimeda repeats the following conclusory allegation concerning the critical amount in controversy requirement: "the amount in controversy is more than $75,000.00." (ECF No. 32 ¶ 4.) Without specific facts bearing out this allegation, the Court finds no basis to exercise subject matter jurisdiction.[7] *See Est. of Tomei by Flandreau v. H&H Mfg. Co.*, 799 F. App'x 143–44 (3d Cir. 2020). Furthermore, Polimeda's Amended Complaint states, "the amount of damages against Forward is . . . $50,080.02[] and growing by the day." (ECF No. 32 ¶ 13.) That is not enough. *Trinh*, 779 F. App'x at 120. There is no basis for subject matter jurisdiction over this matter. As such, the Court refrains from addressing the remaining arguments.[8]

---

and lists the address of Forward's managing member. (ECF No. 9). Critically, though, a single member managed LLC is not necessarily an LLC comprised of only a single member. Simply put, without more, Polimeda makes the same fatal error.

[7] While Polimeda is a *pro se* plaintiff entitled to some leniency, *see Haines*, 404 U.S. at 520, she must nonetheless demonstrate the jurisdictional requirements are met. *See, e.g.*, *Cappuccio v. Unity Bank*, No. 2:24-cv-05695, 2024 WL 4708159, at *5 (D.N.J. Nov. 6, 2024) (finding a dearth of factual allegations substantiating claims of subject matter jurisdiction by *pro se* plaintiff).

[8] In its Motion to Dismiss, Forward argues the Court should award it attorneys' fees and costs pursuant to the agreement between Forward and Polimeda. (ECF No. 36-11 at 30.) However, given the Court does not have subject matter jurisdiction over this matter, it cannot impose attorneys' fees that arise from the contract at issue. *Cf. Schering Corp. v. Vitarine Pharms., Inc.*, 889 F.2d 490, 494–96 (3d Cir. 1989). To be sure, while the Court "lack[s] jurisdiction over the subject matter of [this] action; . . . it retains the power to . . . engage in the usual judicial acts—supervising discovery, holding trial and ordering payment of costs at the end—though it has no power to decide the merits." *Id.* at 495. Although the Court has no basis to exercise subject matter jurisdiction in this matter, it can order fees and costs so long as they are collateral to the merits. *See id.* at 94–96 (holding "the district court had jurisdiction to entertain and decide the Rule 11 motion after defendants suffered a voluntary dismissal under Rule 41(a)(1)(i)"). Here, Forward seeks attorneys' fees pursuant to an agreement that lies at the heart of this matter. (ECF No. 36-11 at 30.) Given the causes of action raised by Polimeda, namely her breach of contract claim, the Court cannot award attorneys' fees pursuant to the agreement without deciding whether a valid contract existed between the parties. *Robinson v. Maintech Inc.*, No. Civ. A. No. 23-04458, 2024 WL 1598416, at *2 (D.N.J. Apr. 12, 2024)) ("To state a breach of contract claim under New Jersey law, a plaintiff must plead (1) the existence of a valid contract. . . ."); (*see also* ECF No. 36-11 at 22 (quoting

## IV. CONCLUSION

For the reasons set forth above, and for good cause having been shown, Defendants Forward's and Outdoorsy's Motions to Dismiss (ECF Nos. 36; ECF No. 39) are **GRANTED** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.[9] However, pursuant to Federal Rule of Civil Procedure 15(a), the Court does not grant Polimeda leave to amend, as amendment would be futile for the reasons set forth above. An appropriate order follows.

Date: October 14, 2025

/s/ *Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

---

*Robinson v. Maintech Inc.*)). As such, the Court will not consider whether Forward is owed attorneys' fees under its agreement with Polimeda.

[9] *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice").