**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOIE POLIMEDA,<br><br>     Plaintiff,<br><br>     v.<br><br>OUTDOORSY, FORWARD FINANCING, LLC, TRITON RECOVERY GROUP, AND STRIPE, INC.<br><br>     Defendants. | Case No. 2:24-cv-06727 (BRM) (SDA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before this Court are two pending motions. Plaintiff Joie Polimeda's ("Polimeda") filed her Motion for Reconsideration[1] (ECF No. 64) of the Court's Order ("Order") (ECF No. 49) issued on October 14, 2025. Defendants Forward Financing LLC ("Forward") and Outdoorsy, Inc. ("Outdoorsy") (together, "Defendants") filed their Oppositions to Polimeda's Motion for Reconsideration on November 14, 2025 (ECF No. 66) and November 25, 2025 (ECF No. 68), respectively. On December 4, 2025, Defendant Triton Recovery Group ("Triton") filed a Motion to Dismiss (ECF No. 72) Polimeda's Amended Complaint (ECF No. 32). Polimeda filed an Opposition to Triton's Motion to dismiss on December 18, 2025 (ECF No. 73), and Triton filed a Reply on December 29, 2025 (ECF No. 74).

---

[1] Polimeda's motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59 and Local Civil Rule 7.1 is mistitled a "Response to Notice of Call for Dismissal." (*See* ECF No. 64.)

Having reviewed and considered the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b), for the reasons set forth below and for good cause having been shown, Polimeda's Motion for Reconsideration (ECF No. 64) is **DENIED** and Triton's Motion to Dismiss is **DENIED as MOOT**.

## I. BACKGROUND

The factual and procedural background of this matter are well known to the parties and were previously detailed in the Court's Opinion issued on October 14, 2025. (*See generally* ECF No. 48.) Accordingly, the Court will only summarize the information relevant to the motions now before the Court and incorporates the recitation of facts as stated in its prior Opinion. (ECF No. 48.)

On May 2, 2025, Forward filed its Motion to Dismiss pursuant to Rules 12(b)(1), (4), (6), and 41(b) for lack of subject matter jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to prosecute, as well as for an award of attorneys' fees. (ECF No. 36.) On May 9, 2025, Outdoorsy similarly filed its Motion to Dismiss pursuant to Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. (ECF Nos. 39, 40.) Polimeda filed oppositions to both Motions to Dismiss (ECF Nos. 41, 44); and Defendants filed replies (ECF Nos. 43, 47).

On October 14, 2025, the Court issued an Opinion and Order, granting Forward's and Outdoorsy's respective Motions to Dismiss without prejudice for lack of subject matter jurisdiction. (ECF Nos. 48, 49.) Pursuant to Rule 15(a), the Court did not grant Polimeda leave to amend, finding amendment would be futile. (ECF No. 48 at 16.) Polimeda filed a Motion for

2

Reconsideration[2] on November 11, 2025 (ECF No. 64); Forward filed an opposition on November 14, 2025 (ECF No. 66), and Outdoorsy filed an Opposition on November 25, 2025 (ECF No.68).

In accordance with the Court's judicial preferences and despite the dismissal, Triton, who had not participated in the first round of motions, submitted a renewed letter[3] requesting a pre-motion conference regarding the filling of a motion to dismiss on October 31, 2025. (ECF No. 58.) On December 1, 2025, the Court ordered the parties to proceed with motion practice. (ECF No. 70.) On December 4, 2025, Triton filed a Motion to Dismiss Polimeda's Amended Complaint. (ECF No. 72.) Polimeda filed an Opposition on December 18, 2025 (ECF No. 73), and Triton filed a Reply on December 29, 2025 (ECF No. 74).

## II.   LEGAL STANDARD

Motions for reconsideration are governed by Rule 59(e) and Local Rule 7.1(i.). *United States v. Shumate*, Crim. A. No. 18-645, 2022 WL 2063337, at *1 (D.N.J. June 8, 2022) (citing *Copeland v. Twp. of Bellmawr*, Civ. A. No. 17-12104, 2019 WL 494454, at *2 (D.N.J. Feb. 8,

---

[2] While titled a "Response to Notice of Call for Dismissal as to Defendants Outdoorsy, and Forward Financing, LLC," the Court treats Polimeda's filing as a motion for reconsideration pursuant to Rule 59(e) and Local Civil Rule 7.1(i). (ECF No. 64 at 1 ("Polimeda, . . . proceeding pro se, respectfully moves this Honorable Court pursuant to [Rule] 59(e) and Local Civil Rule 7.1(i) for Reconsideration of the Court's October 14, 2025[,] Order.").) Indeed, both Forward and Outdoorsy treat Polimeda's filing as a motion for reconsideration and respond accordingly. (*See* ECF Nos. 66, 68.) Therefore, the Court's focus "in this case . . . is on the function of the motion, not its caption." *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984).

[3] On October 28, 2025, Triton filed a letter requesting a pre-motion conference regarding filing a motion to vacate default and a motion to dismiss. (ECF No. 54.) The next day, the Honorable Stacey D. Adams, U.S.M.J., clarified that no default had been entered against Triton and denied Triton's request to vacate default as unnecessary. (ECF No. 55.) Additionally, Judge Adams extended Triton's time to answer to November 17, 2025, and directed Triton to file a renewed request for a pre-motion conference concerning its intention to file a motion to dismiss. (*Id.*)

3

2019)). "Motions under Rule 59(e) and Local Rule 7.1(i) are governed by the same standard." *United States v. Rensing*, Crim. A. No. 12-663, 2022 WL 3227131, at *3 n.3 (D.N.J. Aug. 10, 2022), *aff'd*, No. 22-2585, 2023 WL 2364981 (3d Cir. Mar. 6, 2023) (citing *In re Vehicle Carrier Servs. Antitrust Litig.*, Civ. A. No. 13-3306, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016), *aff'd*, 846 F.3d 71 (3d Cir. 2017), *as amended* (Jan. 25, 2017)).

The comments for Local Rule 7.1(i) make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'"); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must file the motion within fourteen days of the entry of order or judgment[4] showing at least one of the following grounds:

---

[4] However, pursuant to Rule 59(e), "[a] motion to alter or amend [a] judgment must be filed no later than *28 days* after [the] entry of the judgment." *See Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 97 (3d Cir. 2013) (emphasis added).

4

"(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See* L. Civ. R. 7.1(i) ("[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."); *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A court commits clear legal error "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the court. *See* L. Civ. R. 7.1(i).

Stated simply, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process." (citations omitted)).

III. DECISION[5]

A. Polimeda's Motion for Reconsideration

Citing Local Civil Rule 7.1(i)'s fourteen-day window for motions for reconsideration, Outdoorsy argues Polimeda's motion for reconsideration is untimely because Polimeda filed her motion "twenty-eight . . . days after entry of" the Court's October 14, 2025, Order. (ECF No. 68 at 1.) The Court rejects Outdoorsy's timeliness argument. Polimeda filed her Motion for Reconsideration ("Polimeda's Motion") on November 11, 2025 (ECF No. 64)—twenty-eight days after the entry of judgment (ECF No. 49)—so it is indeed untimely pursuant to Local Civil Rule 7.1(i). However, Polimeda's Motion is timely pursuant to Rule 59(e), which allows litigants to file a motion for reconsideration up to twenty-eight days after the entry of the judgment. Therefore, the Court reviews Polimeda's motion under Rule 59.

Polimeda's Motion makes three primary arguments.[6] First, she argues the "Amended Complaint clearly alleged complete diversity between Plaintiff, a citizen of New Jersey, and Defendants, each incorporated and headquartered in other states."[7] (ECF No. 64 at 2.) Second, she contends the following facts were sufficiently alleged such that her Amended Complaint should

---

[5] The Court turns first to Polimeda's Motion for Reconsideration before turning to Triton's Motion to Dismiss given that the Court's underlying order dismissed Polimeda's Amended Complaint in its entirety and without leave to amend. (See ECF No. 49.)

[6] Given Polimeda is proceeding *pro se*, the Court attempts to glean factual allegations and legal claims through liberal construction of the Amended Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[W]e hold [the *pro se* complaint] to less stringent standards than formal pleadings drafted by lawyers."); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) ("[P]ro se pleadings must be liberally construed.").

[7] She also suggests the Court erred in dismissing her Amended Complaint on venue grounds. (ECF No. 64 at 2.) But the word "venue" does not even appear in the Court's October 14, 2025, Opinion or Order. (ECF Nos. 48, 49.)

6

have survived Defendants' motions to dismiss: (1) Outdoorsy received "the UCC lien notice on May 10, 2024," and subsequently "fail[ed] to remove or correct the filing," and (2) there was "ongoing harm to Plaintiff's business, Strategic Source, LLC, whose assets have been frozen for more than two years without legal authority."[8] (*Id.* at 3.) Third, citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008), Polimeda suggests the Court committed legal error in dismissing her Amended Complaint without leave to amend. (*Id.*)

In response, Outdoorsy asks the Court to deny Polimeda's Motion because Polimeda makes the same arguments the Court already considered before rendering its earlier decision. (ECF No. 68 at 1.) Outdoorsy notes the Court has already addressed the allegations in Polimeda's "Amended Complaint regarding subject matter jurisdiction [and] explain[ed] why [her] allegations are insufficient to survive Defendants' motions to dismiss." (*Id.* at 2.) Additionally, Outdoorsy reminds the Court that it gave Polimeda the "opportunity to correct the deficiencies in her Complaint" once before and that Polimeda "failed to do so." (*Id.*)

Forward repeats the same argument, though in greater detail, and informs the Court that "Polimeda does not actually demonstrate new facts or any law allegedly overlooked by the Court in dismissing the Amended Complaint." (ECF No. 66 at 2.) In response to Polimeda's argument that the Amended Complaint "clearly alleged complete diversity between Plaintiff, a citizen of New Jersey, and Defendants, each incorporated and headquartered in other states" (ECF No. 64 at 2), Forward points out Polimeda "does not address the defect that she failed to properly plead the citizenship of Forward, a limited liability company [and] provides no new facts to support" her

---

[8] Polimeda also posits she "[p]resented viable claims for negligence, breach of contract, and violations of the New Jersey Consumer Fraud Act – now with supporting damages, and a request for injunctive and declaratory relief[,] compelling recission of the improper lien." (ECF No. 64 at 3.)

7

complete diversity argument (ECF No. 66 at 2). And as to Polimeda's amount in controversy argument—"damages . . .exceed the threshold of $75,000" (ECF No. 64 at 2)—Forward contends "the amount in controversy can be no more than $47,676.16," even construing Polimeda's Motion liberally (ECF No. 66. at 2–3 ("The remaining attachments . . . do not increase the amount in controversy, since they are just amounts held back pursuant to the larger $47, 676.16 lien. Even if they did increase the amount in controversy, the additions still do not meet the $75, 000 threshold.")). Forward also argues Polimeda's additional claims and damages do not constitute "new evidence" because they "pre-date the Amended Complaint filed in April 2025, and . . . were [not] previously used to inflate the amount in controversy alleged in the Amended Complaint, despite . . . the Court's earlier opinion dismissing the original complaint" based on an amount in controversy defect. (*Id*. at 3.) Because the attached documents with the additional claims and damages were available to Polimeda in opposing each of Forward's previous motions to dismiss, Forward asks the Court not to consider them at this juncture of the litigation. (*Id.*) Moreover, Forward urges the Court to impose sanctions on Polimeda "to curb further bad faith, unreasonable[,] and vexatious litigation." (*Id.*)

The Court will not allow Polimeda a third bite at the apple. *Levi v. Holt*, Civ. A. No. 05-1533, 2006 WL 680852, at *1 (M.D. Pa. Mar. 16, 2006), *aff'd*, 193 F. App'x 172 (3d Cir. 2006) ("A motion for reconsideration is not to give a litigant a[n] [additional] bite of the apple to reargue his position."). After all, there is no clear error of law in need of correction, nor has there been an intervening change in controlling law or new evidence put forth to justify the reconsideration of the Court's October 14, 2025, decision. *In re Processed Egg Prods. Antitrust Litig.*, 962 F.3d 719, 729 (3d Cir. 2020) (listing the three grounds for which a Rule 59(e) motion for reconsideration would be appropriate). The Court dismissed Polimeda's Amended Complaint because she failed

8

to show both complete diversity and an amount-in-controversy exceeding $75,000, less interest and costs. *Polimeda v. Outdoorsy*, Civ. A. No. 24-06727, 2025 WL 2910655, at *7 (D.N.J. Oct. 14, 2025). In other words, the Court granted Defendants' respective motions to dismiss because it lacked subject matter jurisdiction. (*Id.* at 8.) The Court still lacks subject matter jurisdiction. *See GBForefront, L.P. v. Forefront Mgmt. Grp.*, 888 F.3d 29, 34 (3d Cir. 2018) (noting federal courts must have subject matter jurisdiction before reaching the merits of a case).

For the third time, Polimeda has failed to plead the citizenship of Forward, a limited liability company. *AccuCredit Assocs., LLC v. Diversified Glob. Sys., LLC*, Civ. A. No. 18-16537, 2019 WL 11276332, at *1 (D.N.J. Sept. 30, 2019) ("In the absence of factual allegations as to the citizenship of all parties or an allegation of a good faith reasonable attempt to discover the information, the Court must dismiss a complaint for failure to assert that complete diversity of citizenship exists between opposing parties."); *see also Polimeda v. Outdoorsy, Inc.*, Civ. A. No. 24-06727, 2025 WL 892978, at *6 (D.N.J. Mar. 24, 2025); *Polimeda*, 2025 WL 2910655, at *6. A conclusory statement that the "Amended Complaint clearly alleged complete diversity" does nothing to cure this fatal deficiency. (ECF No. 64 at 2.) Polimeda has failed to show how the Court's earlier decision granting Defendants' respective motions to dismiss for lack of subject matter jurisdiction was erroneous. *In re Processed Egg Prods. Antitrust Litig.*, 962 F.3d at 729. Her Amended Complaint does not include factual allegations as to the citizenship of all parties, nor is there "an allegation of a good faith reasonable attempt to discover the information" that the Court missed. *AccuCredit Assocs., LLC*, 2019 WL 11276332, at *1.

With respect to the amount in controversy requirement, Polimeda puts forth additional "claims and damages which," according to her, "exceed the threshold of $75,000." (ECF No. at 2.) However, all of Polimeda's "new" evidence was previously available to her. *Howard Hess*

*Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (explaining "new evidence" in the motion for reconsideration context means evidence "a party could not earlier submit to the court because that evidence was not previously available"). Indeed, Polimeda's so-called new attachments have 2024 dates, which pre-date the Amended Complaint filed in April 2025. (*See* ECF No. 64 at 6–9, 12–13.) Additionally, this evidence was already before the Court, and the Court considered this evidence in making its prior decision.[9] (*See* ECF No. 32 at 37–38; *see also Polimeda*, 2025 WL 2910655, at *1 ("[The Court has] reviewed and considered the submissions filed in connection with the [m]otions.").) For these reasons, the Court will not consider this "new" evidence for purposes of Polimeda's Motion. *See Howard Hess Dental Lab'ys Inc.*, 602 F.3d at 252 (holding the district court did not abuse its discretion in denying a motion for reconsideration, where the plaintiffs sought to introduce evidence was available when they filed their summary judgment motion).

Even if the Court were to consider this evidence, the amount-in-controversy is still shy of the requisite $75,000 threshold. *See Est. of Tomei by Flandreau v. H&H Mfg. Co.*, 799 F. App'x 143–44 (3d Cir. 2020). The maximum amount Forward was allegedly attempting through the lien notice to collect is no more than $47,676.16. (ECF No. 64 at 12–13.) And, as Forward correctly notes, the "remaining attachments[,] [which] appear to consist of records or communications concerning amounts put on hold by various vendors in response to the lien notice, specifically $24,496.60 by Outdoorsy" (ECF No. 66 (citing ECF No. 64 at 6–7)) and "$344.15 by RVShare" (*id.* (citing ECF No. 64 at 8–9)), do not increase the amount-in-controversy enough for subject

---

[9] Contrary to Polimeda's assertion otherwise, the Court did not "[o]verlook[] the [f]actual [a]llegations" in Polimeda's Amended Complaint. (ECF No. 64 at 3.)

matter jurisdiction purposes.

Furthermore, the Court will not revisit its decision not to grant Polimeda a third opportunity to amend her Complaint. The Court has already "permit[ted] a curative amendment." *Phillips*, 515 F.3d at 236; *Outdoorsy, Inc.*, 2025 WL 892978, at *7 (dismissing Polimeda's Complaint without prejudice and with leave to amend). And Polimeda failed to so cure. *Polimeda*, 2025 WL 2910655, at *7–8. Because Polimeda has repeatedly failed to establish subject matter jurisdiction, the Court determined amendment would be futile. *Id.* at 8; *see Garcia v. Cruz*, No. 25-1617, 2025 WL 2658993, at *2 (3d Cir. Sept. 17, 2025) ("The District Court had no 'reason to believe that amendment would cure the identified defects,' and therefore it did not abuse its discretion by dismissing without leave to amend."). As discussed above, Polimeda has not proffered any new evidence or cited any intervening change in the law to assuage the Court that further amendment would not be futile.

Accordingly, Polimeda's Motion for Reconsideration is **DENIED**. Additionally, the Court does not find sanctions against Polimeda are warranted at this time.[10]

### B. Triton's Motion to Dismiss

Triton asks the Court to dismiss the Amended Complaint against it because it contends the Court lacks subject matter jurisdiction over this matter. (ECF No. 72 at 4.) Triton argues dismissal is warranted because the Court has already dismissed this action for lack of subject matter

---

[10] Forward urges the Court to impose sanctions against Polimeda under 28 U.S.C. § 1927 ("§ 1927"). However, without expressly deciding the question, the Third Circuit has expressed "doubt as to whether 28 U.S.C. § 1927 may be applied to non-lawyer, pro se litigants." *Feingold v. Graff*, 516 F. App'x 223, 229 n.9 (3d Cir. 2013). The Court declines Forward's invitation to extend § 1927 to *pro se* litigants. *Stahl v. Twp. of Montclair*, Civ. A. No. 12-1644, 2012 WL 12915430 (D.N.J. Nov. 14, 2012), *aff'd sub nom. In re Stahl*, 526 F. App'x 179 (3d Cir. 2013) (declining to extend § 1927 to *pro se* litigant and noting the potential availability of Rule 11 sanctions).

jurisdiction "since the amount of controversy is below the $75,000.00 threshold to confer diversity jurisdiction." (*Id.* at 5 (citing ECF No. 48).) Indeed, Triton points out that the "Amended Complaint seeks damages against Triton for $50,080.02." (*Id.* at 6)

In opposition, Polimeda's argues the Court does have subject matter jurisdiction over her claims against Triton. (ECF No. 73 at 2.) First, Polimeda asks the Court to assess jurisdiction independently for each defendant because, according to Polimeda, the Court's earlier opinion did not address jurisdiction as to Triton. (*Id.* (citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 150 (3d Cir. 2009).) Second, Polimeda argues that the amount in controversy exceeds $75,000. (*Id.* at 3–4, 6.) More specifically, given that the New Jersey Consumer Fraud Act ("CFA") mandates damages as a matter of law once ascertainable loss is shown, Polimeda contends that the Court should include treble damages in its amount in controversy calculation, which she argues would bring the amount beyond the $75,000 plus threshold. (*Id.* at 3–4 (citing N.J. Stat. Ann. 56:8-19).) Third, Polimeda cites *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004), and *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993), for the proposition that the Court should also include attorneys' fees and punitive damages in its amount in controversy calculation. (*Id.* at 5.) Fourth, Polimeda insists the Court has subject matter jurisdiction because "claims against Triton arise from conduct regulated by the Fair Debt Collection Practices Act and related federal consumer-protection standards." (*Id.* at 5.) Fifth, according to Polimeda, the Court need not dismiss the Amended Complaint against Triton on subject matter jurisdiction grounds because the Court has both federal question and supplemental jurisdiction. (*Id.* at 6.) Sixth, Polimeda also argues both that dismissal at this stage would contravene the "[s]trong

12

[p]resumption" in favor of jurisdiction and the undersigned's caution against jurisdictional rulings.[11] (*Id.* at 7.)

In reply, Triton reiterates the Court does not have subject matter jurisdiction because the "maximum [Polimeda] could recover is $50,080.02." (ECF No. 74 at 5.) More specifically, in response to Polimeda's treble damages argument, Triton notes Polimeda's treble damages argument is premised on a consent order that the New Jersey Attorney General sent to Polimeda on January 19, 2023, which predates the agreement at issue here by almost three months. (ECF No. 74 at 4–5 (citing ECF No. 48 at 4 n.4).) Moreover, Triton argues that because it was merely a debt collection company, which was not involved with selling merchandise, the CFA and the CFA's treble damages provision do not apply to it. (*Id.* at 5 (citing *Chulsky v. Hudson Law Offices*, P.C., 777 F. Supp. 2d 823, 847 (D.N.J. 2011)).) Triton also argues that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, "does not apply to commercial transactions, for which th[e] debt [at issue] is based." (*Id.* at 6.)

The Court need not address Triton's arguments in support of its Motion to Dismiss. *See Cordero v. Moutcastle-Thomas*, Civ. A. No. 21-18741, 2025 WL 2992379, at *5 n.2 (D.N.J. Oct. 24, 2025) (declining to address defendants' remaining arguments in support of their motion to

---

[11] To ensure clarity, the Court makes the following clarifications. First, in her Opposition, Polimeda states that the Court provided an "express grant of leave to amend." (ECF No. 73 at 1.) Second, Polimeda cites a Third Circuit opinion for the proposition that this Court has cautioned against premature jurisdictional rulings. (*Id.* at 7 (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).) However, both statements are misrepresentations. In the Order at issue, the Court expressly denied Polimeda leave to amend. (ECF No. 49 at 2 (dismissing Polimeda's Amended Complaint without prejudice and without leave to amend).) Indeed, Triton highlights this mischaracterization of the Court's earlier Order. (ECF No. 74 at 4.) Additionally, *Gould Elecs. Inc.* is a case in which this Court was not involved. While Polimeda is a *pro se* litigant, she should take care not to misrepresent the facts or law. *United States of America, v. Payseur*, Civ. A. No. 25-00548, 2026 WL 45132, at *6 (D.N.J. Jan. 7, 2026) ("The Court takes the ethical obligations required of all litigants seriously—even those appearing *pro se*.").

dismiss because where the court was dismissing the complaint in its entirety); *see also McFarland v. Oregon*, No. 19-01066, 2021 WL 1136054, at *1 (D. Or. Mar. 24, 2021) ("The Court need not address the second motion to dismiss . . . as the complaint is being dismissed in its entirety." (internal citation omitted)). Here, based on Forward and Outdoorsy's respective motions to dismiss and the submissions filed in connection with them, the Court dismissed Polimeda's Amended Complaint in its entirety and without leave to amend. (ECF No. 49.) As discussed above, the Court is not revisiting that decision. *See infra* Section III.A. Therefore, the case remains dismissed in its entirety and Triton's Motion to Dismiss is **DENIED as MOOT**.

### IV.  CONCLUSION

For the reasons set forth above, and for good cause appearing, Polimeda's Motion for Reconsideration (ECF No. 64) is **DENIED** and Triton's Motion to Dismiss is **DENIED as MOOT**. An appropriate order follows.


Date: January 13, 2026                                      */s/ Brian R. Martinotti*
                                                            **HON. BRIAN R. MARTINOTTI**
                                                            **UNITED STATES DISTRICT JUDGE**